Duguay v. Androscoggin Valley Hosp.   CV-92-112-SD  05/15/95
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Marie Duguay

    v.                                                    Civil No. 95-112-SD

Androscoggin Valley Hospital, et al

Debra Stever

    v.                                                    Civil No. 95-113-SD

Androscoggin Valley Hospital, et al

O R D E R

These matters are before the court on the assented-to motion[1] of the parties which seeks reconsideration of the prior orders[2] directing the consolidation of these actions.  Upon due consideration of the motion and the legal memo filed in support thereof, the court reconsiders and herewith directs that the actions be separated, to go forward on the court docket for separate dispositions.

---

[1]The motion to reconsider bears document 7 in No. 95-112-SD, Duguay v. Androscoggin Valley Hosp., et al, which was previously designated as the lead case.

[2]The orders sought to be reconsidered were entered by the clerk of court on March 6, 1995 (document 2), and April 25, 1995 (document 6), as well as by the magistrate judge on April 25, 1995 (document 5).

## 1.  Background

Each of these cases arises from the circumstances surrounding the employment of each named plaintiff at Androscoggin Valley Hospital (AVH), which is apparently a subsidiary of Northcare, Inc. (NI).  Each case alleges violation of civil rights in the form of sexual harassment, together with various alleged violations of state law.  Apart from their superficial commonality in this regard, however, these cases contain marked factual and legal differences.

The Duguay case, No. 95-112-SD, does not name two of the parties defendant named in the Stever case, No. 95-113-SD.  The incidents of sexual harassment differ in each of the cases, and plaintiff Duguay continues to be employed at AVH.  In the Stever case, plaintiff alleges that the sexual harassment aggravated a pre-existing bladder condition and that plaintiff was constructively discharged as a result of the alleged wrongful acts of the defendants.


## 2.  Discussion

The power to consolidate civil actions in federal court is

2

granted by the provisions of Rule 42(a), Fed. R. Civ. P.,[3] as a matter of convenience and economy in judicial administration. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL (SECOND) § 2383, at 437 (West 1995). Addressed to the discretion of the court, the threshold issue is whether the two proceedings involve a common party and common questions of fact or law. Seguro de Servicio de Salud v. McAuto Systems, 878 F.2d 5, 8 (1st Cir. 1989). The court must examine the underlying facts with close attention, and considerations of convenience and economy must yield to the paramount concern for a fair and impartial trial. In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (2d Cir. 1993) (citations and internal quotations omitted).

3. Conclusion

Thus viewed, the court satisfied that these actions so differ in their allegations and requirements of proof that separate proceedings are necessary. Accordingly, all prior

---

[3]Rule 42(a), Fed. R. Civ. P., provides:

> **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

3

orders of consolidation must be and they are herewith vacated, and the cases are, from this date forward, to proceed separately to final disposition.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 15, 1995

cc: Vincent A. Wenners Jr., Esq.
    Mark T. Broth, Esq.

4